UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CALDERON, CDCR #H-75038, | Case No.:  25-CV-3767 JLS (JLB) |
| Plaintiff, | **ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |
| vs. | |
| STATE OF CALIFORNIA; CDCR DIRECTORS; GOVERNMENTAL EMPLOYEES, | |
| Defendants. | |

Plaintiff Juan Calderon, who is proceeding without counsel and incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed this civil rights action in the Northern District of New York in December 2025.  *See* ECF No. 1 ("Compl.").  Because Plaintiff is imprisoned in this District and seeks relief against the State of California and unidentified employees of the California Department of Corrections and Rehabilitation ("CDCR"), U.S. Magistrate Judge Miroslav Lovric transferred the case pursuant to 28 U.S.C. § 1406(a).  *See* ECF No. 2 at 2–3.  However, Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a) and is not entitled to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  Therefore, the Court **DISMISSES** his case.

25-CV-3767 JLS (JLB)

## I.      FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed IFP.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff did not pay the $405 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a) at the time he filed suit, nor has he filed an application seeking leave to proceed IFP.  Therefore, this civil action cannot proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.  While the Court would ordinarily grant a *pro se* litigant leave to file an IFP application pursuant 28 U.S.C. § 1915(a), it finds doing so in this case would be futile.  This is because, as explained below, Plaintiff's litigation history shows he is no longer entitled to that privilege, and his Complaint contains no plausible allegations of imminent danger of serious physical injury at the time of filing.

### A.      Section 1915(g)'s Three-Strikes Rule

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule."  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)).  "That rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'"  *Id.* (quoting 28 U.S.C. § 1915(g)); *see also Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022).

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $52 administrative fee does not apply to persons granted IFP status under 28 U.S.C. § 1915(a).  *Id.*

2

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[I]t does not matter whether [plaintiff] might have stated a claim. What matters is that he did not do so."). The "central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25.

"[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason." *Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

### B.    Plaintiff's Prior "Strikes"

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances, as a review of Plaintiff's district and appellate court dockets confirms he is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions dismissed for a "qualifying reason" under § 1915(g). *Hoffman*, 928 F.3d at 1152.

Pursuant to Federal Rule of Evidence 201(b)(2), the Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Raygoza-Garcia,* 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

The following records are sufficient to show Plaintiff has six qualifying strikes:

(1) *Calderon v. Allison*, No. 2:21-CV-01896-CKD P, 2023 WL 4906783, at *2 (E.D. Cal. Aug. 1, 2023) (Order and Findings and Recommendations ["F&Rs"] to dismiss Fourth Amended Complaint without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1), (2), Fed. R. Civ. P. 8(a)(2), and for failure to comply with court orders) [ECF No. 31], *report and recommendation adopted*, No. 2:21-CV-01896-KJM-CKD P, 2023 WL 5534158 (E.D. Cal. Aug. 28, 2023) [ECF No. 36] (strike one);[2]

(2) *Calderon v. Covello*, No. 2:23-CV-01973-JDP PC, 2023 WL 8358588, at *2 (E.D. Cal. Dec. 1, 2023) (Order and F&Rs to dismiss complaint without leave to amend for failure to state a viable claim under section 1983 pursuant to 28 U.S.C. § 1915A(b)) [ECF No. 15], *report and recommendation adopted,* No. 2:23-CV-01973-WBS-JDP PC, 2024 WL 53784 (E.D. Cal. Jan. 4, 2024) [ECF No. 16] (strike two);

(3) *Calderon v. Bonta*, No. 2:23-CV-1065-DJC-DMC P, 2023 WL 8436101, at *2 (E.D. Cal. Dec. 5, 2023) (F&Rs to dismiss complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) [ECF No. 23]), *report and recommendation adopted,* No. 2:23-CV-1065 DJC DMC P, 2024 WL 643412 (E.D. Cal. Feb. 15, 2024) [ECF No. 26] (strike three);

(3) *Calderon v. Bonta*, No. 2:23-CV-00212 KJM EFB PC, 2023 WL 4936700, at *2 (E.D. Cal. Aug. 2, 2023) (F&Rs to dismiss amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)) [ECF No. 17]),

---

[2] This case counts as a strike because the dismissal was based on Plaintiff's failures to state any cognizable claims for relief and "repeated violation[s] of Rule 8(a)." *See Calderon v. Covello*, No. 2:23-CV-2049 WBS CSK P, 2024 WL 3296572, at *2 (E.D. Cal. June 25, 2024) (citing *Knapp v. Hogan*, 738 F.3d 1106, 1108–09 (9th Cir. 2013) (repeated violations of Rule 8(a)'s "short and plain statement" requirement are strikes as "fail[ures] to state claim" when the opportunity to correct the pleading has been afforded and there has been no modification within a reasonable time), *report and recommendation adopted*, No. 2:23-CV-2049 WBS CSK P, 2024 WL 3845717 (E.D. Cal. Aug. 16, 2024).

*report and recommendation adopted,* No. 2:23-CV-00212-KJM-EFB (PC), 2024 WL 1313053 (E.D. Cal. Mar. 26, 2024) [ECF No. 32] (strike four);

(5) *Calderon v. Covello*, No. 2:23-CV-1974 DB P, 2023 WL 8092432, at *3 (E.D. Cal. Nov. 21, 2023) (Order and F&Rs to dismiss without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) [ECF No. 26]), *amended report and recommendation adopted,* No. 2:23-CV-1974 DJC DB P, 2024 WL 1383658 (E.D. Cal. Apr. 1, 2024) [ECF No. 29] (strike five); and

(6) *Calderon v. Bonta*, No. 23-2515, 2025 WL 2744678, at *1 (9th Cir. May 21, 2025) (dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(a), (e)(2)) (strike six).

Accordingly, because Plaintiff accumulated these prior qualifying strike dismissals while incarcerated, and as discussed below, fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[3]

### C.    Imminent Danger Exception

Plaintiff's pleading is captioned as a "New Civil Action Seeking Jurisdictional Venue Change for Justice" and is drafted in the form of a letter to the "Honorable Federal Judges." *See* Compl. at 1.  He names only the State of California, CDCR Directors, and

---

[3]  In fact, Plaintiff has been denied IFP privileges pursuant to § 1915(g) in both this Court and in the Eastern District of California before.  *See Calderon v. Mencias*, No. 25-CV-3394-BTM (SBC), 2026 WL 473255, at *3 (S.D. Cal. Feb. 19, 2026) (Order denying leave to proceed IFP as barred by 28 U.S.C. § 1915(g)) [ECF No. 5]; *Calderon v. Covello*, No. 2:24-CV-1309 CKD P, 2024 WL 4462335, at *2 (E.D. Cal. Sept. 4, 2024) (Order and F&Rs to deny leave to proceed IFP pursuant to 28 U.S.C. § 1915(g)) [ECF No. 7], *report and recommendation adopted,* No. 2:24-CV-1309 DJC CKD P, 2024 WL 4574119 (E.D. Cal. Oct. 24, 2024) [ECF No. 9].

25-CV-3767 JLS (JLB)

other unidentified "governmental employees" as Defendant-Respondents. *Id.* And while Plaintiff includes reference to "real imminent danger," and the "50 plus legal actions" he has filed during his 33 years of imprisonment, his pleading contains only broad and sweeping references to his "false confinement," unspecified conspiracies, corruption, organized violence, "dirty money" and other "evil wrongs" he has witnessed due to the "brokenness of the California Prison System." *Id.* at 1–11. Moreover, the exhibits he attaches are comprised of only a third amended complaint previously filed in *Calderon v. Allison*, No. 2:21-CV-01896-CKD P (E.D. Cal.), *id.* at 16–35, and CDCR 602 inmate grievances and appeals related to his medical care needs and housing accommodations while at Mule Creek State Prison in 2023 and 2024. *Id.* at 43–85.

But § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring(ing)' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). A prisoner fails to meet the exception where claims of imminent danger are speculative, implausible, or conclusory. *Id.* at 1057 n.11. Rather, the "threat or prison condition (must be) real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be specific and credible. *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). Plaintiff's pleading fails to meet any of these requirements. And "[a]lthough prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of 'imminent danger of serious physical injury' for purposes of § 1915(g). Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule." *Parker v. Montgomery Cnty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017)

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not

25-CV-3767 JLS (JLB)

entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (stating that "court permission to proceed in forma pauperis is itself a matter of privilege and not right.").

II.    **CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a); **DENIES** Plaintiff leave to file a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g); **CERTIFIES** that any IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  July 15, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-3767 JLS (JLB)